IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND
Civil Division

GWENDOL DENISE TAYLOR, *et al.*     *

Individually and on behalf of a     *     Case No.: 24-C-02-001635
Class of consumers similarly situated               Honorable John M. Glynn
                                   *

       Plaintiffs,
                                   *

v.                                   *

WELLS FARGO HOME
MORTGAGE                        *

       Defendant.             *

## FINAL ORDER APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement dated January 22, 2010, by and between the Plaintiffs Gwendol Taylor and Gail Thompson (acting individually and on behalf of the Class defined below – hereinafter referred to as "Named Plaintiffs") and Defendant, the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to MD. RULE 2-231, the settlement of this action, as embodied in the terms of the Settlement Agreement dated January 22, 2010, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court. In the event of a conflict between the text of this Order

and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

2. For the purpose of settlement, as addressed further below, pursuant to MD. RULE 2-231(a) and (b)(3), the Court hereby finally certifies the following Class defined as follows:

> All consumers on the list of 14,210 transactions that Wells Fargo produced on or about September 15, 2009, who entered into mortgage loan transactions concerning property located in Maryland where: (1) the Mortgage Broker is also identified as the mortgage lender in the operative documents relating to the transaction; (2) the Mortgage Broker received a finder's fee as that term is defined in Md. Com. Law Code Ann. §12-801(c); and (3) Wells Fargo funded the mortgage loan at settlement.
>
> Excluded from the Settlement Class are all former and present directors, officers and agents as well as all current employees of the Settling Defendant.

3. The Court finds that notice previously given to borrowers and co-borrowers who were involved in approximately 14,210 transactions with the Defendant, was the best notice practicable under the circumstances and satisfies the requirements of due process and MD. RULE 2-231. The Court further finds that of the transactions that potentially met the class definition, all borrowers in these transactions meet the class definition approved above.

4. The Court appoints Named Plaintiffs as Representative Plaintiffs of the Class and finds that each of them meets the requirements of MD. RULE 2-231.

5. The Court appoints the following lawyers as Class Counsel, and finds that these counsel meet the requirements of MD. RULE 2-231:

> Richard S. Gordon
> Benjamin H. Carney
> QUINN, GORDON & WOLF, CHTD.
> 102 West Pennsylvania Avenue, Suite 402
> Baltimore, MD  21204-4803

Nevett Steele, Jr.
P.O. Box 128
211 Central Avenue
Glyndon, Maryland 21071

Phillip Robinson
CIVIL JUSTICE, INC.
520 West Fayette Street
Baltimore, Maryland 21201

Richard S. Gordon is hereby appointed as Lead Counsel for the Class.

6. The Court further finds that, in accordance with paragraphs 1 and 2 of this Order, all the requirements for class certification are met in this case:

**a.   The Prerequisites of MD. RULE 2-231:**

MD. RULE 2-231(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

<u>**MD. RULE 2-231(a)(1) (numerosity)**</u>: The proposed Class in this action consists of borrowers in 14,210 transactions, whose loans were table funded by Wells Fargo; i.e., the borrowers entered into mortgage loan transactions concerning property located in Maryland where: (1) the Mortgage Broker is also identified as the mortgage lender in the operative documents relating to the transaction; (2) the Mortgage Broker received a finder's fee as that term is defined in Md. Com. Law Code Ann. §12-801(c); and (3) Wells Fargo funded the mortgage loan at settlement.

3

The Settlement Class excludes: all former and present directors, officers and agents as well as all current employees of Wells Fargo. This Court finds that more than 14,200 transactions meet this definition and, therefore, the Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under MD. RULE 2-231(a)(1) is satisfied.

**MD. RULE 2-231(a)(2) (commonality of facts and law):** Plaintiffs allege that the mortgage broker in their transactions acted as both a broker and a lender, and took a finder's fee, and that Wells Fargo conspired with mortgage brokers to do so. Plaintiffs assert that this failure constituted a conspiracy to violate, and violated, Maryland's Finder's Fee Act, MD. CODE ANN. COMM. L. §§12-801, *et seq.* Plaintiffs further assert that such a practice also constituted conspiracy to violate, and violated Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101 *et seq.* The Court finds that a determination of the legality of the Defendant's practices concern common questions of law and fact. As such the Court finds the requirements of MD. RULE 2-231 (a)(2) are satisfied.

**MD. RULE 2-231(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the representative's interests are truly aligned and consistent with those of the Class Members. In this case, the Plaintiffs' claims are identical to the claims of every other Class Member. Furthermore, the defenses to liability, if any, are similar as to every Class member. Thus, the Court finds that the requirement of typicality under MD. RULE 2-231(a)(3) is satisfied.

4

**MD. RULE 2-231(a)(4) (adequate representation):** The Plaintiffs' claims are not conflicting or inconsistent with any Class Members' claims. Moreover, the Court finds that Plaintiffs are represented by able counsel with extensive experience in class action litigation, who have adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under MD. RULE 2-231(a)(4) is satisfied.

b.  **Requirements of MD. RULE 2-231(b):**

After the requirements of MD. RULE 2-231(a) are found to exist, the Court must determine pursuant to MD. RULE 2-231(b) whether this case may be maintained as a class action under MD. RULE 2-231(b)(1), (b)(2) or (b)(3). Without considering whether the Settlement Class in this case satisfies the criteria for MD. RULE 2-231(b)(1) and (b)(2), this Court finds that the requirements for MD. RULE 2-231 (b)(3) are met here.

**MD. RULE 2-231(b)(3):** In particular, this Court finds that the allegations in this case focus on a uniform and consistent scheme and that there are common, over-riding legal claims held by all Class members regarding the legality of the collection of finder's fees in transactions where the mortgage broker acted as both the mortgage broker and the lender, and the legality of conspiring to do so. The Court further finds that the pursuit of numerous individual cases which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under MD. RULE 2-

231(b)(3) is, therefore, appropriate.

7. After due consideration of the Named Plaintiffs' and the Class' likelihood of success at trial; the range of Named Plaintiffs' and the Class' possible recovery; the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; and the state of proceedings at which the settlement was achieved; the lack of any timely objections; all written submissions; affidavits and arguments of counsel; and after notice and a hearing; this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, this Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including the Class Members. Each Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement, which is hereby incorporated by reference and becomes part of the final judgment in this action.

8. The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and Tilghman & Co. P.C. is hereby DIRECTED to make payments to Class Members under the Settlement Agreement consistent with the terms of the Settlement Agreement.

9. No later than forty-five (45) days after the Execution Date, as set forth in the Settlement Agreement, the Settlement Administrator shall certify to the Court and counsel that all settlement checks have been mailed to all Class members in accordance with the formula set forth in, and terms of, the Settlement Agreement.

10. In accordance with the Settlement Agreement, within ten (10) calendar days after

the Effective Date, as defined in the Settlement Agreement, Tilghman & Co. P.C. shall pay, or take all reasonable steps to transfer, assign or release the following funds, out of the Settlement Fund, to the Trust Account of Quinn, Gordon & Wolf, Chtd, lead Plaintiffs' Counsel:

> (i) Attorneys' fees equal to one-third of the Common Fund as set forth in the Settlement Agreement, to be distributed among Class Counsel in accordance with their agreement.
>
> (ii) Litigation expenses totaling $4,556.02, to be distributed among Class Counsel in accordance with their agreement.
>
> (iii) Incentive payments totaling $10,000 for the Named Plaintiffs to award the Named Class Representatives for their participation in this action.

11. No later than 160 days after the Effective Date, the Settlement Administrator shall submit a report and accounting to the Court and to Class Counsel and counsel for Defendant as to the distribution of the Settlement Fund.

12. The Court hereby approves the protocol for distributing the unclaimed settlement funds set forth in ¶23 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. In accordance with ¶23 of the Settlement Agreement, any residue of the Settlement Fund remaining after 120 days from the date of mailing checks to Class Members pursuant to ¶15 of the Settlement Agreement shall create a *cy pres* fund. The *cy pres* fund shall be donated as follows: (1) the first $75,000 of the cy pres fund shall be paid to St. Vincent de Paul of Baltimore; (2) the next $25,000 of the cy pres fund shall be paid to Our Daily Bread; and (3) the balance of the cy pres fund shall be paid to Comprehensive Housing Assistance, Inc. (CHAI) (collectively the "cy pres recipients"). Within 140 days after the checks are mailed to the class members under ¶17 of the Settlement Agreement, Tilghman & Co., P.C. shall pay the *cy*

7

*pres* recipients as set forth in the Settlement Agreement.

13. Subject to the exceptions and limitations set forth in the Settlement Agreement, all Released Claims of each Class Member are hereby dismissed with prejudice as to the Released Persons (as those terms are defined in the Settlement Agreement).

14. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: April 14, 2010

_____
The Honorable John M. Glynn
Circuit Court for Baltimore City, Maryland